## MATTER OF KWONG

### In Visa Petition Proceedings

### A-19406534

*Decided by Board May 27, 1975*

The United States citizen petitioner was the legitimate child of the father of the beneficiary for whom she sought preference classification as her brother under section 203(a)(5) of the Immigration and Nationality Act. Beneficiary was born to the petitioner's father and his concubine in Hong Kong. Beneficiary could not be considered legitimate under Hong Kong law unless the father's concubine occupied the status of a *tsip*. In order to acquire such status, the concubine must enter the household of the man and his principal wife and become a member of the family with a position subordinate to that of the wife. Where the mother of the beneficiary never accepted a position subordinate to that of the principal wife in the husband's household, the mother of the beneficiary did not acquire the status of a *tsip* and the beneficiary is not a legitimate child of the petitioner's father. Therefore, beneficiary is not entitled to fifth preference classification.

ON BEHALF OF PETITIONER: Haskell R. Barst, Esquire
Barst & Mukamal
127 John Street
New York, New York 10038

This is an appeal from the District Director's denial of a visa petition filed to accord the beneficiary the status of brother of a United States citizen. The petitioner, a naturalized United States citizen who was born in China in 1926 is the daughter of Kwong-Tong and his wife Lee Souk Fun. The beneficiary, who was born in Hong Kong on November 23, 1933, is the child of Kwong-Tong and another woman, Leung Chiu Yee.

Kwong Tong, the father of both parties, was married to the petitioner's mother in China during 1918. According to an affidavit by the petitioner's mother, her husband took Leung Chiu Yee as a concubine in Hong Kong sometime during 1929. Lee Souk Fun was in Hong Kong at the time, but did not learn of the concubine until a few months later. The wife returned to the native village shortly thereafter. The two women never lived in the same household. From 1929, until his death in 1946, the husband resided with the concubine in Hong Kong. During the period, he occasionally visited his wife and daughter (the petitioner) in the native village.

The petitioner claims that the beneficiary is the legitimate son of her father and his concubine. We look to the law of Hong Kong, the place of the beneficiary's birth, to determine whether the beneficiary was legitimate. In *Matter of Kwan*, 13 I. & N. Dec. 302 (BIA 1969), we noted that the law of Hong Kong, recognizing the old Chinese law of 1843, acknowledges the institution of concubinage and the legitimacy of the off-spring of relationships with concubines. However, according to the *White Paper on Chinese Marriages in Hong Kong*, prepared by the Colonial Secretariat, Hong Kong, May 1967, the term concubine can mean either a secondary wife (tsip), who thought inferior in status to the principal wife, has definite marital and material rights, or it can mean a mistress with no lawful standing. The paper states:

"Many if not most of the so-called concubines in Hong Kong belong to the second category." (p. 19).

Only the children of concubines with lawful standing and marital rights would be deemed legitimate.

We are in receipt of a report dated April 17, 1974 from the Library of Congress concerning the criteria for determining the status of concubines. The report informs us that in order to establish the status of *tsip:*

". . . there must be intention on the part of the paterfamilias to acknowledge the woman as his lifelong companion, with a position in the family as second only to that of the wife, and on the part of the concubine, there must be intention to enter the family of the paterfamilias and to become a member of his family with a position subordinate to that of the wife. These conditions, it was stated, must be present before the woman can be a legitimate concubine of the paterfamilias."

In view of the Library of Congress Report, we find that in order to have the status of *tsip*, the concubine must enter the household of the man and his principal wife. Accordingly, we recede from that portion of *Matter of Kwan*, supra, in which we stated:

"Where, as here, there has been the creation of a household and the support of the concubine and her children, and the maintenance of such a relationship over a period of time, we believe the courts of Hong Kong would find that concubinage exists." at page 305.

In *Kwan* we approved a visa petition filed by a father on behalf of daughters by a concubine, whom he maintained in Hong Kong in a separate household from his wife.

In the case presently before us, we find that because the mother of the beneficiary never accepted a position subordinate to the principal wife in the household of the man and his principal wife, the mother of the beneficiary did not acquire the status of *tsip*. Therefore, we find that the beneficiary is not a legitimate child of the petitioner's father. Accordingly, the beneficiary is not entitled to benefits under the immigration

laws as the brother of a United States citizen. The decision of the district director to deny the petition was correct.

**ORDER:** The appeal is dismissed.